UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

THAD TATUM                                    CIVIL ACTION

VERSUS                                        NO: 12-1769

GORDAN-KAREN PROPERTIES, LLC                  SECTION: R(1)

## ORDER AND REASONS

Plaintiff Thad Tatum moves to reopen this matter and place it on the Court's docket.[1]  For the following reasons, plaintiff's motion is denied.


## I. Background

On July 6, 2012, plaintiff filed a complaint against defendant Gordon-Karen Properties, LLC alleging violations of Title III of the Americans with Disabilities Act ("ADA").[2]  The alleged violations stemmed from accessibility problems at a Church's Chicken, located at 1600 Claiborne Avenue, New Orleans, LA 70125, operated by Cajun Operating Company d/b/a Church's Chicken.

Gordon-Karen and Cajun Operating Company later reached a settlement agreement with plaintiff in which Gordon-Karen and Cajun Operating Company agreed to make five modifications to the subject property within one year of executing the settlement agreement:

---

[1]     R. Doc. 18.

[2]     R. Doc. 1.

A. The sole accessible parking space will be at least a ninety-six (96") inches wide plus as per ADAAG 4.12(5)(a). Additionally, the parking space will be designated as van accessible and will provide a ninety-six (96") inch wide access aisle as per ADAAG 4.1.2(5)(b). The accessible parking space and the access aisle will not exceed a slope of 1:50 (2%) in all directions;

B. Accessible parking signage will be provided at the parking space designated as accessible as per ADAAG 4.6.4;

C. Handrails will be added on both sides of the ramp that leads to the Facility's front door as per ADAAG 4.8.5 and 4.26;

D. Landings will be added at the top and bottom of the ramp that leads to the Facility's front door as per ADAAG 4.8.4;

E. An Accessible route will be constructed that complies with ADAAG 4.3 from at least one (1) public sidewalk to the Facility.[3]

Plaintiff executed the settlement agreement on December 27, 2012, and Cajun Operating Company executed the settlement agreement on behalf of Gordon-Karen on February 20, 2013.[4] On March 11, 2013, the parties filed a joint Federal Rule of Civil Procedure 41 stipulation of dismissal,[5] and the Court dismissed the action with prejudice on March 22, 2013.[6]

---

[3]   R. Doc. 18, Ex. A at 2-3.

[4]   *Id.* at 10.

[5]   R. Doc. 11.

[6]   R. Doc. 12.

2

On August 21, 2014, six months after defendant's deadline to comply with the settlement agreement, plaintiff filed a motion to reopen this matter under Federal Rule of Civil Procedure 60(b)(6) because defendant had not completed the modifications specified in the settlement agreement.[7]  Plaintiff attached photographs of the property and an affidavit signed by plaintiff's counsel to demonstrate that defendant and Cajun Operating Company had not completed the required modifications as of August 21, 2014.[8]

Defendant responded in opposition that it had completed all of the modifications listed in the settlement agreement.[9]  In support, defendant stated that Jill Suwanski, Senior Director and Associate Counsel for Cajun Operating Company, attested that Cajun Operating Company completed all of the required modifications.[10]  Defendant purported to attach an affidavit from Ms. Suwanski, but it instead attached an affidavit from Edward Williams, Senior Vice President of U.S. Operations for Cajun Operating Company.[11]  Mr. Williams attested: "Cajun Operating Company has made all of the

---

[7]     R. Doc. 18.

[8]     *See id.* at Exs. B & C.

[9]     R. Doc. 19.

[10]    *Id.*

[11]    *Id.* at Ex. A.

3

modifications to the property . . . that were agreed to in the February 20, 2013 settlement agreement."[12]

In his reply, plaintiff contested defendant's assertion that it completed all modifications.[13]  Specifically, plaintiff stated that as of November 12, 2014, defendant and Cajun Operating Company had not made three of the five required modifications, including: (1) handrails were not added to both sides of the ramp that leads to the front door; (2) a level landing was not added at the top of the ramp that leads to the facility's front door; and (3) an accessible route was not installed from the public sidewalk to the facility's front door.[14]  Plaintiff attached an affidavit from his counsel and photographs in support.[15]

In its sur-reply, defendant now states that Cajun Operating Company misinformed defendant that two of the required modifications--related to the handrails and landings--had been completed, but that, contrary to plaintiff's assertion, Cajun Operating Company had made the third modification related to the access route.[16]  Defendant explained that, in preparing its opposition, it relied on Cajun Operating Company's mistaken

---

[12]     *Id.*

[13]     R. Doc. 24.

[14]     *Id.* at 3-4.

[15]     *Id.* at Exs. A & B.

[16]     R. Doc. 26 at 2.

representation that it had made all of the required modifications, which defendant attributed to an "oversight" on the part of Cajun Operating Company.[17]  Defendant now represents that Cajun Operating Company has completed all of the modifications as required by the settlement agreement, and attaches photographs of the subject property in support.[18]  As a result, defendant contends that there is no basis to reopen this matter.

## II. Discussion

Rule 60(b) allows a court to relieve a party from a final judgment based on:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . , misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged . . . ; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  Plaintiff contends that the Court should reopen the case under the catch-all provision of Rule 60(b)(6). "To prevail in a Rule 60(b)(6) motion, the plaintiff must show that 'extraordinary circumstances' apply."  *United States v. Planned Parenthood of Houston*, 570 Fed. Appx. 386, 390 (5th Cir. 2014) (quoting *Adams v. Thaler*, 679, F.3d 312, 319 (5th Cir. 2012)).

---

[17]     *Id.*

[18]     *Id.*

Many courts have concluded that federal courts are empowered to set aside a dismissal on account of a breach of a settlement agreement by virtue of Rule 60(b)(6).  *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 378 (1994); *see also Keeling v. Sheet Metal Workers Int'l Association*, 937 F.2d 408, 410 (9th Cir. 1991) (breach of settlement agreement sufficient reason to set dismissal aside on Rule 60(b)(6) grounds); *Fairfax Countywide Citizens Association v. Fairfax County*, 571 F.2d 1299, 1302-1303 (4th Cir. 1978) (same); *Aro Corp. v. Allied Witan Co.*, 531 F.2d 1368, 1371 (6th Cir. 1976) (same); *Chief Freight Lines Co. v. Local Union No. 886*, 514 F.2d 572 (10th Cir. 1975) (same).  *But see Sawka v. Healtheast, Inc.*, 989 F.2d 138, 140-41 (3d Cir. 1993) (breach of settlement agreement not sufficient reason to set dismissal aside on Rule 60(b)(6) grounds); *Harman v. Pauley*, 678 F.2d 479, 480-81 (4th Cir. 1982) (Rule 60(b)(6) does not require vacating dismissal order whenever a settlement agreement has been breached).  The Rule, however, also makes clear that such a motion "must be made within a reasonable time."  Fed. R. Civ. P. 60(c)(1).

Here, the settlement agreement required defendant to make the modifications within one year of the execution of the agreement. Plaintiff executed the settlement agreement on December 27, 2012, and defendant executed the agreement on February 20, 2013. Therefore, the settlement agreement required defendant to make the modifications by February 20, 2014, and plaintiff should have been

aware that defendant was not in compliance with the settlement agreement as early as this date.  Plaintiff, however, states that he was not aware until June 2014 that defendant did not make the required modifications.  Plaintiff provides no explanation for why neither he nor his counsel inspected the property until some four months after defendant's deadline had passed and some sixteen months after execution of the settlement agreement.  Inexplicably, plaintiff delayed an additional two months before filing this motion and now offers no explanation for the delay.  In total, plaintiff waited six months to file his motion to reopen after defendant's one-year period to complete the modifications had expired.  Because of plaintiff's delay in filing his motion and the lack of any explanation for the delay, the Court does not find that the interests of justice require it to reopen this case.  *See Steinhoff v. Harris*, 698 F.2d 270, 273-74 (6th Cir. 1983) (finding that seventy-seven days was not a reasonable time under Rule 60); *Central Operating Co. v. Utility Workers of Am., AFL-CIO*, 491 F.2d 245, 253 (4th Cir. 1974) (finding that four months was not a reasonable time under Rule 60); *Bodden v. Damwn Services, Inc.*, No. CIV. A. 97-692, 1999 WL 301702, at *1 (E.D. La. May 12, 1999); *Hernandez v. Compania Translantica*, No. Civ.A. 96-0716, 1998 WL 241530, at *2 (E.D. La. May 7, 1998) (finding that six months was not a reasonable time under Rule 60).

Moreover, defendant represents that it has now made all required modifications, and the pictures it attaches appear to support that assertion.  Plaintiff has offered no indication to the contrary.  Thus, plaintiff has received the benefit, albeit delayed, for which he bargained.  To the extent plaintiff now seeks enforcement of the settlement agreement, the Court is without jurisdiction because the Court did not retain jurisdiction over the settlement agreement when it dismissed the case.[19]  *See Kokkonen*, 511 U.S. at 378.

Accordingly, plaintiff's motion to reopen this matter is denied.

**III. Conclusion**

For the foregoing reasons, plaintiff's motion is denied.

New Orleans, Louisiana, this   3rd   day of February, 2015.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[19]     *See* R. Doc. 12.